ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
ERICA L. SEGER
Assistant U.S. Attorney
State Bar No. 022681
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Erica.seger@usdoj.gov
Attorneys for Plaintiff



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 17-01732-001-TUC-CKJ (DTF) |
|---|---|
| Plaintiff, | |
| vs. | Plea Agreement |
| Anna Lydia Thompson, | |
| Defendant. | |

The United States of America and the defendant, Anna Lydia Thompson, agree to dispose of this matter on the following terms and conditions:

## PLEA

The defendant agrees to plead guilty to Count 1 of the Indictment, charging the defendant with Conspiracy to Commit Bank Robbery, in violation of Title 18, United States Code, Sections 371 and 2113(a), a Class C felony. Pursuant to Rule 11(c)(1)(A), Fed. R. Crim. P., the remaining Count in the Indictment will be dismissed at the time of sentencing.

### I. MAXIMUM PENALTIES

A. The maximum penalty for the offense to which she is pleading are a fine of $250,000, a maximum term of twenty (20) years imprisonment, or both, and a maximum term of three (3) years supervised release.

B. According to the United States Sentencing Guidelines (U.S.S.G.) issued pursuant to the Sentencing Reform Act of 1984, the Court shall:

1. Order the defendant to pay a fine pursuant to 18 U.S.C. §§ 3572 and 3553, unless the Court finds that a fine is not appropriate; and

2. order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663 and Section 5E1.1 of the Guidelines, the court determines that restitution would not be appropriate in this case;

3. Order the defendant to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and may impose a term of supervised release in all other cases.

C. Pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100 special assessment. The special assessment is due at the time defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

## II. AGREEMENTS REGARDING SENTENCING

A. <u>Stipulation: Acceptance of Responsibility.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), if the defendant makes full and complete disclosure to the Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will stipulate and agree to a two-level reduction pursuant to U.S.S.G. § 3E1.1. If the defendant has an offense level of 16 or more, the United States will stipulate and agree to an additional one-level reduction pursuant to U.S.S.G. § 3E1.1.

B. <u>Guideline Calculations.</u> The parties agree to the following calculations under U.S.S.G. § 2B3.1

| | |
|---|---|
| Base Offense Level | 20 |
| (b)(1) | +2 |
| Acceptance (Full) | -3 |
| Total Adjusted Offense Level | 19 |

C. <u>Agreement Regarding Sentencing</u>: Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the below sentencing ranges are an appropriate disposition of this case:

> 30 months of imprisonment if defendant's Criminal History Category is I;
> 33 months of imprisonment if defendant's Criminal History Category is II;
> 37 months of imprisonment if defendant's Criminal History Category is III;
> 46 months of imprisonment if defendant's Criminal History Category is IV;
> 57 months of imprisonment if defendant's Criminal History Category is V;
> 63 months of imprisonment if defendant's Criminal History Category is VI.

D. <u>No Other Departures or Reductions</u>. If the defendant moves for any adjustments in Chapters Two, Three, or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines, the government may withdraw from this agreement. If the defendant argues for a variance under 18 U.S.C. §3553(a) in support of a sentence request below the stipulated ranges in this agreement, the government will withdraw from the agreement.

E. <u>Supervised Release</u>. This plea agreement is conditioned on the defendant not being on federal supervised release at the time of the offense. If the defendant is found to have been on supervised release, the defendant's supervised release violation matter will be addressed in separate proceedings/pleadings.

F. <u>Multiple Offense Levels</u>. If the defendant has multiple convictions, which fall under more than one specific offense classification level (i.e. U.S.S.G. § 2L1.2(b)(1)(A), (B), (C), (D), and/or (E)), the highest specific offense classification level will be used in calculating the sentence that will be imposed upon the defendant. The precise level of offense and length of sentence imposed will be determined by the court based upon the defendant's criminal record.

G. <u>Criminal History Points</u>. If the defendant has 18 or more criminal history points, or if the government discovers a conviction other than those disclosed to the defense prior to sentencing, the government shall have the right to withdraw from this agreement.

H. *Plea Addendum*. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

I. *Restitution*: Pursuant to 18 U.S.C. § 3663 and/or 3663A and 2248, the defendant specifically agrees to pay full restitution, regardless of the resulting loss amount, but in no event more than $250,000, to all victims directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement. Any fine, forfeiture, or restitution imposed by the Court will be immediately due and payable and subject to immediate collection by the government.

J. *Assets and Financial Responsibility*: The defendant shall (i) make a full accounting of all assets, including real and personal property in which the defendant has any legal or equitable interest; (ii) permit the U.S. Attorney's office to immediately obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligation that is or might be imposed by the court; (iii) make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose as well as the financial condition of all household members (including but not limited to that of a spouse or child); (iv) cooperate fully with the government and the Probation Officer to execute such documentation as may be necessary to secure assets to be applied to restitution owed by the defendant. The defendant agrees to permit the

Probation Officer to provide to the U.S. Attorney's office copies of any and all financial information provided by the defendant to the U.S. Probation Office; and (v) not (and shall not aid and abet any other party to) sell, hide, waste, spend, destroy, transfer or otherwise devalue any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).

K. Pursuant to 18 U.S.C. § 3613, the defendant agrees that all financial obligations imposed by the court, including restitution, shall be due immediately upon judgment, shall be subject to immediate enforcement by the government, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property defendant receives may be offset and applied to federal debts (which offset will not affect any periodic payment schedule). If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program pursuant to a payment schedule to be determined by the court. The defendant understands that any schedules of payments imposed by the court, including schedules imposed while the defendant is incarcerated or on supervised release, are merely minimum schedules of payments and not the only method, nor a limitation on the methods, available to the government to enforce the judgment.

L. If the defendant is a member of a Native American tribe that provides "per capita" payments to its members, the defendant agrees that any such "per capita" payment shall be paid over to the Clerk of the Court and applied to the defendant's restitution obligation until restitution to all victims is paid in full.

### III. COURT APPROVAL REQUIRED

If the Court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement under Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw the defendant's guilty plea.

///

## IV. WAIVER OF DEFENSES AND APPEAL RIGHTS

Provided the defendant receives a sentence not to exceed 63 months imprisonment, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence - including the manner in which the sentence is determined and any sentencing guideline determinations - and includes, but not limited to, any appeals under 18 U.S.C. § 3742 (sentencing appeals), any motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. If the defendant files a notice of appeal or other challenge to his/her conviction or sentence, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

## V. REINSTATEMENT OF PRIOR ORDERS OF REMOVAL / IMMIGRATION CONSEQUENCES OF PLEA

The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences may be the subject of a separate judicial or administrative proceeding, and the defendant has discussed the direct and collateral implications this plea agreement may have with his or

her defense attorney. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

## VI. **PERJURY AND OTHER OFFENSES**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, obstruction of justice, or any other offense committed by the defendant after the date of this agreement. Any information, statements, documents, or evidence the defendant provides to the United States pursuant to this agreement, or to the Court, may be used against the defendant in all such prosecutions.

## VII. **REINSTITUTION OF PROSECUTION**

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges and/or allegations of supervised release violations as to which it has knowledge, and any charges and/or allegations of supervised release violations that have been dismissed or not alleged because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated fast-track departures set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

## VIII. **DISCLOSURE OF INFORMATION**

A. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the Probation Office and to the Court in connection with the case.

B. The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the Probation Office including, but not limited to, questions relating to:

    1. Criminal convictions, history of drug abuse and mental illness; and

2. Financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine.

## IX. EFFECT ON OTHER PROCEEDINGS

This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read the entire plea agreement with the assistance of counsel and understand each of its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; and to be presumed innocent until proven guilty; and to appeal or otherwise challenge my conviction and sentence.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined after consideration of the advisory Sentencing Guidelines. I understand that the Sentencing Guidelines are only advisory and that without this agreement the Court would be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

My guilty plea is not the result of force, threats, assurances, or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to

modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement and addendum contain all the terms and conditions of my plea. I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

## **ELEMENTS OF THE CRIME**

1. First, from a time unknown until on or about October 5, 2017, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

2. Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

3. Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

## **FACTUAL BASIS:**

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

Prior to October 5, 2017, SHAD RICHARD THOMPSON and I agreed to rob the Pyramid Federal Credit Union located at 5280 East Grant Road, Tucson, Arizona 85712. Before making the agreement to rob this bank, we drove around town scoping out other banks for possible robberies. Ultimately, Shad Thompson chose the Pyramid Federal Credit Union located at 5280 East Grant Road.

On October 5, 2017, on the way to the bank, I wrote the demand note on a napkin based on what Shad Thompson instructed me to include. Shad Thompson provided me with a hat to wear during the robbery. He also provided me his shirt to wear. On October 5, 2017, Shad Thompson drove me to the Pyramid Federal Credit Union in my Mitsubishi Gallant. I entered the Pyramid Federal Credit Union wearing Shad Thompson's hat and tee shirt and handed the demand note to the bank teller. After receiving approximately $4,784.00 from the bank teller, I exited the Pyramid Federal Credit Union and entered the vehicle being driven by Shad Thompson, who drove away. We used part of the money from the bank to purchase bus tickets to Wyoming and for living expenses.

The Pyramid Federal Credit Union, located at 5280 East Grant Road, Tucson, Arizona 85712, is a credit union, whose deposits were at all relevant times insured by the National Credit Union Administration Board.

I have read this agreement or it has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.

5/4/18
Date

*Anna Lydia Thompson* (signature)
Anna Lydia Thompson
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, the consequences of the guilty plea (including the maximum statutory sentence possible), and that the defendant is

waiving the right to appeal or otherwise challenge the conviction and sentence. I have discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations that are not contained in this written agreement have been given to me or to the defendant by the United States or any of its representatives. I have concluded that the entry of the plea as indicated above on the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

5/4/18
Date

Greta Vietor
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

5/8/18
Date

ERICA L. SEGER
Assistant U.S. Attorney